Virginia V. Gary, formerly Virginia V. Douglass, Executrix of the Estate of Howard W. Douglass, Deceased, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 40031. Promulgated June 29, 1934.

*Samuel Kaufman, Esq., S. Leo Ruslander, Esq., Frank Wilbur Main, Esq.,* and *George R. Beneman, Esq.,* for the petitioner.
*Eugene Smith, Esq.,* for the respondent.

#### OPINION.

Goodrich: Respondent determined a deficiency in estate tax (after a credit on account of state inheritance tax paid) of $376.41. Petitioner assails this determination as erroneous and claims an overpayment of $145.45.

The sole issue concerns the amount to be deducted in determining the net estate of petitioner's decedent, as the value of property (certain stock in which this decedent had a vested remainder interest) included in the taxable estate of a prior decedent who died less than five years previously. Or, stated more narrowly, the issue is whether there shall be deducted the value of the remainder interest at the death of this decedent, or its value at the death of the prior decedent; the difference here being $12,146.25. It appears that precisely this question has not before been considered.

The facts are not in dispute.

Petitioner is executrix of the estate of Howard W. Douglass, who died a resident of Pennsylvania, on August 30, 1925. Howard was a son of Elisha P. Douglass who died, also a resident of Pennsylvania, on March 10, 1922. At the time of his death Elisha, the father, owned 6,000 shares of stock of the McKeesport Tin Plate Co., upon the full value of which his estate paid Federal estate tax. By his will, Elisha devised these shares upon trust, the income therefrom (or so much

of it as she might desire) to be paid for life to Elvira P. Douglass (who is the widow of Elisha and the mother of Howard) and upon her death the corpus to be distributed equally to Howard and his brother, Earl. At both basic dates, March 10, 1922, and August 30, 1925, the stock was of the value of $125 a share. Under the laws of Pennsylvania, by Elisha's testamentary trust Howard acquired a vested remainder interest in one half of the trust corpus, or 3,000 shares, and this interest passed to Howard's legatees as a part of his residuary estate. When Howard died (and when this case was submitted) his mother, Elvira, was living.

A Federal estate tax return was filed July 9, 1926, on behalf of Howard's estate and reported therein as part of the gross estate were 3,000 shares of the McKeesport stock at $125 a share, or $375,000. Also in the return this amount was deducted as the value of property previously taxed within five years. Respondent did not accept this item as returned, nor did he allow the deduction. By applying to the value of the 3,000 shares the mortality percentages reflecting the age of Elvira Douglass, owner of the life estate, respondent determined the value of Howard's vested remainder at the time of his death to be $285,806.25, and includes this amount in the gross estate. By the same method respondent determined the value of the vested remainder at the time of Elisha's death to have been $273,660, and this amount he allows as a deduction to Howard's estate as the value of property previously taxed. The result of this action is to include in the taxable estate of petitioner's decedent (and to increase it over the amount reported) the difference between these two computed values, $12,146.25, thus giving rise to the deficiency here in controversy.

We approve of respondent's correction of the amount to be included in the gross estate of petitioner's decedent. Section 302 (a), Revenue Act of 1924, provides that there shall be included in a decedent's gross estate the value at the time of his death of all his property, to the extent of his interest therein. Howard had a vested remainder interest in 3,000 shares of stock, which was worth, the parties agree, $285,806.25. That amount should be included in his gross estate.

But we find no statutory authority for respondent's action in reducing the deduction for the value of previously taxed property by $12,146.25, and thus increasing the net estate by that amount, which, respondent argues, is the increase in the value of the vested remainder between the time Howard received it under his father's will and the time he relinquished it by his own death. The statute says nothing about an increase in value of transmitted property. It provides for the deduction from gross estate of:

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, * * *. This deduction shall be allowed only where a gift tax or an estate tax under this or any prior act of Congress was paid by or on behalf of the donor or the estate of such prior decedent as the case may be, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gift or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of this subdivision. [Sec. 303 (a) (2), Revenue Act of 1924.]

The purpose in permitting such a deduction is to prevent the imposition of an estate tax upon the same, or substantially the same, property twice within a five-year period. *Elmer E. Rodenbough, Executor*, 1 B.T.A. 477; affd., 25 Fed. (2d) 13. Respondent has promulgated an explanatory statement of the statutory limitations upon the allowance of the deduction in article 41 of Regulations 68.

Under the facts here it is apparent that all but one of the conditions precedent to allowance of the deduction have been met beyond question—the property (assuming for the moment that it can be identified) was received by this decedent by bequest from a prior decedent who died within five years; it was included in the gross estate of the prior decedent, and a tax paid thereon.

The question concerns the identification as property included, taxed, and received from Elisha's estate of the property to be included in Howard's estate. Elisha's estate included 6,000 shares of stock; Howard's estate included an indefeasible vested remainder to 3,000 of those shares. But Howard's interest was a part of the whole ownership in 3,000 shares of the previously taxed stock and we think that interest is identified as property received from the prior decedent. Had he outlived his mother, whose interest was likewise a part of the whole ownership, the shares would have been distributed to him and, of course, there would then be no question as to the identity of the property. Respondent does not contend that Howard's interest is not the same property as was taxed in and received from Elisha's estate; if he did he would necessarily argue that Howard's interest had not been previously taxed and therefore no deduction whatever should be allowed.

The previously taxed property—the stock—did not increase in value during the period intervening between Elisha's death and Howard's. Consequently, the increase in value of Howard's interest during that period is immaterial, for the statute requires only that the property be included in the estate of the second decedent at its then value, and that the deduction for previously taxed property be

limited both to the then value and to the amount at which the property was included in the estate of the prior decedent. Here, the 3,000 shares were included in Elisha's estate at $375,000, and Howard's interest is to be included in his estate at $285,806.25; therefore, the latter amount should be deducted from Howard's estate as the value of property included and taxed less than five years previously in the estate of the prior decedent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TURNER dissents.